CHITTENDEN,
January,
1840.

MADISON SCOTT v. JAMES NICHOLS.

In an action of book account, either party may sue, and may insist upon an adjustment of the account. If the other party refuse to present his account, the plaintiff is entitled to recover, unless the defendant can prove that plaintiff's account was received, or agreed to be applied, in payment of some claim due the defendant.

THIS was an action of book account, originally commenced before a justice of the peace, and came, by appeal, to the county court.

Judgment to account having been rendered by the county court, an auditor was appointed, who afterwards reported ;

That the parties came before him on the 15th day of March, 1839, and were heard with their allegations and proofs ; that Scott exhibited, in the first instance, an account consisting of three items, to wit :

" March Term, 1838.

| | |
|---|---|
| Attending as a witness 4 days in the suit Nichols v. Allen, | $5,00 |
| Board of H. Wood, | 1,50 |
| Cash paid S. Hale, fees on execution, | 3,23 |
| | $9 73" |

and the auditor further reported, as follows :

" The defendant objected to the first charge on the ground " that Scott, as an officer of the court, was not entitled to " fees as a witness, unless he attended specially as a witness. " In relation to this charge the auditor finds that there was a " disputable suit tried at the March term, 1838,between Nichols " and one Allen, and that Scott gave some attention to the suit, " aided in looking up the testimony,and advised in the prepara- " tion, for which he is entitled to fees as a professional man, " and that five dollars is a fair compensation for what was done " in the suit.

" The defendant also contended that the whole claim was " subject to a special agreement as to the mode of payment, " and introduced evidence to that point, and insisted that the " same should operate as a temporary bar. On this point " the auditor finds, that, on the 27th day January, 1838, " Scott and Nichols settled their book accounts, and Scott " gave Nichols a note for the balance, and that after the " settlement and on the same day, it was agreed between

CHITTENDEN,
January,
1840.

Scott
v.
Nichols.

" them that Scott should do whatever professional business " Nichols required him to do, and that for such services and " monies paid in the course of such business, Scott should " take his pay in goods out of Nichols' store, as he should want " them, at cash prices; that the first and last charges came " within the agreement, and that the charge of board does " not. The defendant introduced evidence to show, and the " auditor finds the fact, that Scott took goods from time to " time out of the store of Nichols to an amount beyond " eight dollars, and that after Bliss came in as a partner with " Nichols, he continued to take goods as before, and that · " Nichols is bound to allow the same to apply as between " him and Scott.

" To rebut this evidence, Scott introduced evidence to " show that he had further claims on book ; but did not offer " them as a substantive claim, but as a sort of replication to " the defendant's bar.

" On this point the auditor finds that Scott has claims " which are proper subjects of book account, and which are " charged on the said Scott's book. The amount of the " whole, including the first set of items, as they stand on " Scott's book, is about $40,00 ; but as the last were not " exhibited as claims on book, the auditor has not passed up- " on them as such.

" From the whole case the auditor, finds that Nichols has " an account for goods delivered to Scott, of more amount " than the charge for board in Scott's account; and that, as " to the remainder of Scott's account, the charges are sub- " ject to the special agreement to pay in goods, and that all " the goods which Scott has required have been delivered to " him.

" The auditor, therefore, reports, that there is nothing due " either party."

The plaintiff excepted to the report for the following causes :

1. Because the auditor had not reported the items of the accounts of the parties.

2. Because the auditor found that there were charges in the plaintiff's account which were due and unpaid by defendant, and reported that nothing was due to either party.

3. Because the contract found by the auditor related only

to professional business, and did not include the charge for boarding H. Wood and fees paid on an execution, and yet the auditor rejected those charges as being temporarily barred by that contract.

4. Because the auditor had not adjusted the accounts of the parties.

The county court overruled the exceptions and rendered a judgment upon the report for the defendant, to which judgment the plaintiff excepted.

*A. G. Whittemore* for plaintiff.

*C. Adams* for defendant.

The opinion of the court was delivered by

REDFIELD, J.—The facts, found by the auditor, would seem satisfactorily to dispose of the first and last items in the plaintiffs' account. If the plaintiff performed the services as professional, and agreed to receive pay for all such services, in goods, at defendant's store on demand, he cannot recover therefor, unless the defendant refused to deliver him goods, on reasonable request, which is not pretended. And it will be equally in vain for the plaintiff, to expect to recover for professional services, by changing the *name* of the charge, to that of *fees* as a *witness*, which, it seems, was attempted in the present case.

But in regard to the charge of $1,50 in the plaintiffs' account "for boarding" &c., the court do not well comprehend how the auditor has made any legal disposition of the same. It may be true that the plaintiff ought not to recover. I mean ought not to recover, in moral equity and good conscience; and still the legal claim may stand in such a "questionable shape," that, like Banquo's ghost, "it will not down at our bidding." If, for instance, the plaintiff presents a claim on book against the defendant and the defendant presents no claim, but, as in the present instance, proves, to the satisfaction of the auditor, that he has a legal claim on book against the plaintiff to a greater amount than the plaintiff claims, and the plaintiff, to rebut this proof, shows that he has still further claims, which he might present, from all which the auditor is satisfied that there would be a final balance, perhaps, against the plaintiff, still, nothing is adjusted, and no adjudication made. The report is simply that plaintiff ought not to

recover. We think in the action on book account, either party may sue, and insist upon an adjustment of the account, and if the othar party refuses to present his account, the plaintiff must recover, unless the defendant can show an agreement or understanding on both parts, to have it apply in *payment* of some claim on the part of defendant, which is not shown in the present case.

The judgment of the county court is reversed and the report set aside and the case referred.